UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rachael Edinger, et al.,                      Case No. 3:24-cv-1630

        Plaintiffs,

v.                                        ORDER

Menards, Inc.,

        Defendant.

On October 7, 2024, Defendant filed its Answer to Plaintiffs' Complaint. (Doc. No. 6). Soon after, my chambers set a Case Management Conference for November 21, 2024, and directed the parties to file a report of the parties' planning meeting one week prior to the scheduled Conference. (Doc. No. 7). The parties filed the Report two days before the Conference was to be held. (Doc. No. 8). In that Report, Defendant advised that it would be seeking leave to file a motion for judgment on the pleadings based on statute of limitations. (*Id.* at 3).

On the day the Case Management Conference was to be held, Plaintiffs' counsel contacted my chambers asking that the Conference be rescheduled because Plaintiffs would likely be voluntarily dismissing this action. With no objection by Defendant's counsel, I granted this request and vacated the conference.

More than one month passed, and no action was taken to dismiss this case. Hearing nothing, my chambers contacted counsel on January 8, 2025. Plaintiffs' counsel responded that still needed to determine whether Plaintiffs would dismiss this action without a motion by Defendant.

With this, I ordered the parties to file either a stipulated dismissal entry or a joint status report no later than February 20, 2025. (*See* January 22, 2025 non-document Order).

The parties timely filed a joint status report advising that Plaintiffs' counsel had "not obtained consent for dismissal of this claim[, and] Defendant intends to file a Motion for Judgment on the Pleadings." (Doc. No. 9). Defendant then filed its motion for judgment on the pleadings on February 28, 2025, alleging Plaintiffs' claims were barred by the applicable statute of limitations – the same issue Defendant raised months prior. (Doc. No. 10). On the day Plaintiffs' opposition was due, the parties filed a stipulation to I extend Plaintiffs' deadline to April 4, 2025, which I granted. (*See* Doc. No. 11 and April 1, 2025 non-document Order granting Doc. No. 11). But rather than filing their opposition on this deadline, Plaintiffs filed a "notice of dismissal of this action, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)." (Doc. No. 12).

Rule 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Because Defendant filed an Answer, (Doc. No. 6), Plaintiffs could dismiss this action only by a stipulation signed by all parties who have appeared. In turn, because Plaintiffs' notice of dismissal is not signed by all parties, this action cannot be dismissed under Rule 41(a)(1). (Doc. No. 12). Instead, this "action may be dismissed at the plaintiff[s'] request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Generally, "a dismissal under this paragraph (2) is without prejudice." *Id.* But based on the procedural background outlined above and in light of Defendant's pending unopposed motion for judgment on the pleadings, I am inclined to conclude it "proper" to dismiss this case *with* prejudice. *Accord Bennett v. Hurley Med. Ctr.*, 86 F.4th 314, 324 (6th Cir. 2023) ("When a litigant fails to address a claim in response to a motion for summary judgment, that claim is deemed abandoned or

2

forfeited."). Before doing so, I grant Plaintiffs fourteen days from the date of this Order to show cause as to why this case should not be dismissed with prejudice.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge