UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rachael Edinger, et al.,                          Case No. 3:24-cv-1630

         Plaintiffs,

     v.                                     MEMORANDUM OPINION
                                                AND ORDER

Menards, Inc.,

         Defendant.

On September 10, 2024, Plaintiffs filed this case bringing Ohio law claims of negligence and, derivatively, loss of consortium based on a September 8, 2022 fall at Defendant's Holland, Ohio store. (Doc. No. 5-1).

On November 19, 2024, Defendant first represented to the Court that it intended "to file [a] motion for judgment on the pleadings based on statute of limitations." (Doc. No. 8). More than three months had passed, during which one of Plaintiffs' attorneys, R. Kent Murphree, represented to the Court that Plaintiffs might voluntarily dismiss this action. But because "Plaintiff ha[d] not obtained consent for dismissal of this claim" by February 20, 2025, (Doc. No. 9), Defendant filed a motion for judgment on the pleadings on February 28, 2025. (Doc. No. 10). In the motion, Defendants argues it is entitled to judgment on the pleadings because Plaintiffs' claims are barred by the two-year statute of limitations prescribed by Ohio Revised Code § 2305.10(A).

Rather than filing an opposition brief to Defendant's motion, Plaintiffs filed a Notice of Dismissal seeking to voluntarily dismissing this case without prejudice on April 1, 2025. (Doc. No. 12). But as I explained in my May 7, 2025 Order, Rule 41(a)(1) does not permit Plaintiffs to

unilaterally dismiss an action at this stage in the litigation. (*See* Doc. No. 13). In light of the procedural history of this case and Defendant's pending motion for judgment on the pleadings, I ordered Plaintiffs to show cause as to why this action should not be dismissed with prejudice rather than without.

Before me now is a two-page memorandum filed by Mr. Murphree on May 27, 2025.[1] (Doc. No. 14). In this memorandum, Mr. Murphree makes numerous admissions in an attempt to justify dismissal of this action without prejudice.[2] (*Id.* at 2). In part, he admits Plaintiffs' counsel "simply missed" the statute of limitations and explains:

> with a voluntary dismissal without prejudice, counsel for Plaintiffs was attempting to preserve the possibility of a new counsel for Plaintiffs to determine if there was a valid argument supported by facts would support an extension of the statute of limitations. Plaintiffs' current counsel is unaware that such a basis exists. Therefore, Plaintiffs' counsel could not make a good faith filing in opposition to Defendant's motion. However, counsel would prefer that the Court leave open the possibility of a refiling, but is aware that controlling case law may dictate a different result.

(*Id.* at 1-2).

This reason may have justified dismissal without prejudice before Defendant had expended the time and resources filing its motion for judgment on the pleadings. But at this juncture,

---

[1] Plaintiffs' filing was due within fourteen days of my Order – May 21, 2025. (See Doc. No. 13 at 3). In what was custom in this case, Plaintiffs' counsel failed to meet the deadline and filed this memorandum six days late. At 5:43 p.m. on May 21, 2025, Mr. Murphree notified my chambers that he was experiencing technical difficulties in timely filing this memorandum. But he made no attempt to explain why the two-page document could not have been filed at any point in the fourteen days since May 7, 2025. Nevertheless, to his credit, when the May 21, 2025 deadline and others were missed in this case, Mr. Murphree took responsibility. It is unclear what if any role Mr. Murphree's co-counsel, Joseph J. Urenovitch, has had in this case other than signing the Complaint. (Doc. No. 5-1).

[2] Within these admissions, Mr. Murphree acknowledges that he failed to comply with the Federal Rules of Civil Procedure when filing the unilateral Notice of Dismissal but suggests this should be excused because "[c]ounsel for Plaintiffs does not typically practice in courts that are governed by the federal rules." (Doc. No. at 1). But Mr. Murphree is currently counsel of record for parties on four other active cases in this District alone. His professed ignorance of the governing Rules of this Court is troubling.

dismissing without prejudice rather than ruling on Defendant's pending motion would effectively require Defendant to share the consequences of Plaintiffs' counsel's actions by "leav[ing] open the possibility" of having to relitigate this case. (*Id.* at 2).

Unfortunately for Plaintiffs, it is well-settled that "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993). Plaintiffs "voluntarily chose [these] attorney[s] as [their] representative[s] in the action, and [they] cannot now avoid the consequences of the acts or omissions of [these] freely selected agent[s]." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962). Therefore, I decline to dismiss this action without prejudice and will instead adjudicate the merits of Defendant's now-unopposed motion for judgment on the pleadings.

Motions for judgment on the pleadings filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure are subject to the same standard as a Rule 12(b)(6) motion to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). The pleadings must demonstrate sufficient factual matter that, when taken as true, states a claim which is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555. The moving party must show there is no material issue of fact and that the movant is entitled to judgment as a matter of law. *Paskavan v. City of Cleveland Civil Serv. Comm'n,* 946 F.2d 1233, 1235 (6th Cir. 1991).

From the face of the Complaint, it is clear that Plaintiffs' September 10, 2024 Ohio tort claims based on a September 8, 2022 fall were filed two days after the statute of limitations had lapsed. *See* O.R.C. § 2305.10(A). Plaintiffs' counsel offers no legal argument to suggest a different

3

statute of limitations might apply or that the two-day delay may be excused. "And we are not in the business of developing parties' arguments for them." *Parker v. Winwood*, 938 F.3d 833, 836-37 (6th Cir. 2019). Accordingly, I am left to conclude Plaintiffs' claims are time-barred and grant Defendant's motion for judgment on the pleadings. Final judgment of Plaintiffs' claims is entered for Defendant, and this case is closed.

    So Ordered.

                                                 s/ Jeffrey J. Helmick
                                                 United States District Judge